IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| RAY LYNN GRAY,<br><br>                Plaintiff,<br><br>v.<br><br>DAVIS COUNTY, UTAH, A POLITICAL SUBDIVISION OF THE STATE OF UTAH,<br><br>                Defendant. | **MEMORANDUM DECISION - REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 1:05-cv-140 CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge David Nuffer |

The Motion for Summary Judgment[1] filed by Davis County, Utah (County) is before the magistrate judge under referral from the district judge under 28 U.S.C. § 636(b)(1)(B). No response to the motion was filed. The magistrate judge issued an order taking the motion under advisement and warning: "Failure to respond to the motion will result in the end of this case, and the termination of Plaintiff's claims."[2] Again, no response to the motion was filed. The Court has reviewed the motion, memorandum, and relevant legal authority. For the reasons set forth below, the magistrate judge recommends Defendant's Motion for Summary Judgment be GRANTED.

**Factual Setting of Claims**

Mr. Gray was a Davis County Sheriff Deputy when the County deemed him to have resigned on June 14, 2005 because he (a) failed to show up for duty with required doctor releases after indicating he would return, (b) failed to comply with County policies and procedures, and (c) failed to adequately communicate with his supervisors. Mr. Gray alleges he injured his knee

---

[1] Defendant's Motion for Summary Judgment, docket no. 37, filed November 24, 2009.

[2] Docket no. 40, filed February 12, 2010.

playing volleyball during fitness training and injured his neck during Taser training, which required him to go on medical leave. Mr. Gray was scheduled to return to work on June 1, 2005, yet still had not provided the required releases from his doctors by June 13, 2005. Thus, the County notified him by certified letter on June 14, 2005 that it deemed him to have resigned. After separating from the Sheriff's Department, Mr. Gray claims he was unemployed from June 2005 to April 2008 due to his disabilities.

## Claims Presented by Plaintiff

Mr. Gray, through counsel, brought eleven causes of action in his complaint including:

1st Claim: violation of free speech under the First Amendment of the U.S. Constitution
2nd Claim: violation of equal protection under the Fourteenth Amendment of the U.S. Constitution
3rd Claim: violation of due process under the Fourteenth Amendment of the U.S. Constitution
4th Claim: abuse of police power under 42 U.S.C. § 1983
5th Claim: the right to attorney fees under 42 U.S.C. § 1988
6th Claim: violation of Title VII of the Civil Rights Act of 1964 as amended
7th Claim: violation of the Americans with Disabilities Act of 1990 as amended
8th Claim: violation of the Family Medical Leave Act
9th Claim: violation of free speech under Article 1, Section 1 of the Utah Constitution
10th Claim: violation of free speech under Article 1, Section 15 of the Utah Constitution
11th Claim: wrongful termination without due process of law[3]

Mr. Gray's counsel was allowed to withdraw on March 11, 2009. Mr. Gray decided to proceed pro se, and defense counsel deposed him on August 24, 2009. Mr. Gray testified that he understood the purpose of his deposition was to determine which causes of action he still wanted to pursue. Mr. Gray then testified he no longer is pursuing the following six claims:

1st Claim: violation of free speech under the First Amendment of the U.S. Constitution;[4]

---

[3] Complaint at 6-10, docket no. 1, filed November 14, 2005.

[4] Deposition of Lynn Gray (Gray Dep.) at 13-15, attached as Exhibit A to Memorandum in Support of Defendant's Motion for Summary Judgment, docket no. 38, filed November 24, 2009.

> 5th Claim: the right to attorney fees under 42 U.S.C. § 1988;[5]
> 6th Claim: violation of Title VII of the Civil Rights Act of 1964 (as amended);[6]
> 7th Claim: violation of the Americans with Disabilities Act of 1990 (as amended);[7]
> 9th Claim: violation of free speech under Article 1, Section 1 of the Utah Constitution;[8]
> 10th Claim: violation of free speech under Article 1, Section 15 of the Utah Constitution.[9]
>
> Thus, after the deposition, five claims remain:
>
> Violation of equal protection (2nd Claim)
> Violation of due process (3rd Claim)
> Abuse of police power under 42 U.S.C. § 1983 (4th Claim)
> Violation of the Family Medical Leave Act (8th Claim)
> Wrongful termination (11th Claim)

Summary judgment is appropriate for these remaining claims because Mr. Gray has not presented any evidence to create a genuine issue of material fact. Further, plaintiff has failed to make a timely response to the motion for summary judgment.

## Equal Protection

The Equal Protection Clause provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws."[10] Nonetheless, "absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior."[11] Moreover, a public employee may not make an Equal Protection claim by alleging arbitrary treatment that is different from other similarly situated employees as a "class-of-one" plaintiff

---

[5] *Id.* at 17-18.

[6] *Id.* at 97-98.

[7] *Id.* at 98-106.

[8] *Id.* at 20-21.

[9] *Id.* at 21-22.

[10] U.S. CONST. amend XIV.

[11] *Engquist v. Or. Dept. of Agric.*, 128 S.Ct. 2146, 2151-52 (2008).

unless "the different treatment was based on the employee's membership in [a protected] class."[12] In this case, Mr. Gray has not asserted membership in a protected class; thus, his claim must fail as a matter of law.

## Due Process

The Due Process Clause of the Fourteenth Amendment provides that government may not deprive an individual "of life, liberty, or property without due process of law."[13] A two-part test determines whether a public employee's due process rights have been violated: (1) the threshold question is whether any process is due because there must be a life, liberty or property interest at issue,[14] and (2) if the court finds that an employee possesses a protected property or liberty interest, then the court must determine what process must be afforded.[15]

The key point in the present case is that there was no actual liberty or property interest due to Mr. Gray because the County did not take an adverse employment action. Instead, the County deemed plaintiff to have resigned when he did not follow the proper procedures to return to work as requested. The County did this pursuant to its Policies and Procedures Manual policy on Leave of Absence #140, section 3.0.[16] Mr. Gray received copies of all County policies dealing with absences and leave.[17] Thus, it was Mr. Gray's voluntary and deliberate actions that resulted in his separation from employment. Without an actual liberty or property interest, Mr. Gray's Due Process claim must fail as a matter of law.

---

[12] *Id.* at 2148.

[13] U.S. CONST. amend XIV.

[14] *Bd. of Regents v. Roth*, 408 U.S. 564, 571–75 (1972)

[15] *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976).

[16] Attached as Exhibit LL to Memorandum in Support of Defendant's Motion for Summary Judgment, docket no. 38, filed November 24, 2009.

[17] Gray Dep. at 67.

## Section 1983

To impose liability under 42 U.S.C. § 1983 the court must find that a "deliberate action attributable to the municipality itself is the 'moving force' behind the plaintiff's deprivation of federal rights."[18] Here, Mr. Gray is using section 1983 as a vehicle to bring his constitutional claims, but he does not have any evidence to support an allegation that the County policies directly violated federal law or caused his supervisors to deprive him of federally protected rights. Mr. Gray instead testified the sole reason he included this claim is the job he lost was that of a police officer, but he admitted that no one abused a police power.[19] Without evidence that the Defendant deprived him of his federal rights, Mr. Gray's Section 1983 claim must fail as a matter of law.

## FMLA

The Family Medical Leave Act (FMLA) guarantees the substantive rights of up to twelve weeks of unpaid leave during a twelve-month period for eligible employees of covered employers for serious health conditions, and reinstatement to the employee's former position (or an equivalent one) upon return.[20]

There is no evidence that the County failed to provide FMLA leave or interfered with Mr. Gray's rights in any way. Mr. Gray used up his FMLA leave and the County made every effort to provide adequate time off duty. When Mr. Gray made repeated assurances that he would report for duty with proper documentation and then failed to do so, the County was in full compliance with FMLA when it deemed him to have resigned. Without evidence that Defendant

---

[18] *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 400 (1997).

[19] Gray Dep. at 17, 106.

[20] 29 U.S.C. §§ 2612(a)(1), 2614(a) (2006).

failed to provide or interfered with Mr. Gray's FLMA leave, his claim must fail as a matter of law.

## Wrongful Termination

Wrongful discharge claims are based on common law, and the only tort claim for wrongful discharge recognized by Utah case law is the narrowly defined situation where a discharge "contravenes a clear and substantial public policy."[21] A public policy is "clear" only if it is plainly defined by legislative enactments, constitutional standards, or judicial decisions.[22]

Here, Mr. Gray cannot show the County terminated him in violation of a "clear and substantial public policy" or that the County constructively discharged him. He has not identified any public policy by name or description. Since he does not allege that he was wrongfully terminated in violation of a public policy, he has failed to state a wrongful termination claim under Utah law.

## Timely Response

The Defendant filed its Motion for Summary Judgment on November 24, 2009. Under DUCivR 7-1(b)(4), the Plaintiff's response to the Motion for Summary Judgment "within twenty-eight (28) days after service of the motion." However, as of the date of this recommendation, Plaintiff has not filed any response. Under DUCivR 7-1(d), "Failure to respond timely to a motion may result in the court's granting the motion without further notice."

---

[21] *Hansen v. America Online*, 96 P.3d 950, 952 (Utah 2004).
[22] *Hodges v. Gibson Prods. Co.*, 811 P.2d 151, 165-66 (Utah 1991).

## RECOMMENDATION

The Defendant's Motion for Summary Judgment should be granted because Plaintiff has failed to raise a genuine issue of material fact as to any of his claims. Further, Plaintiff has failed to make a timely response to the motion,[23] or to the order taking the motion under advisement.[24]

## NOTICE TO THE PARTIES

Within 14 days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections. A party may respond to another party's objections within 10 days after being served with a copy thereof. The rules provide that the district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

Dated this 15th day of March, 2010.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[23] Defendant's Motion for Summary Judgment, docket no. 37, filed November 24, 2009.

[24] Docket no. 40, filed February 12, 2010.