# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH    NORTHERN DIVISION

| | |
|---|---|
| RAY LYNN GRAY,<br><br>                            Plaintiff,<br><br>vs.<br><br>DAVIS COUNTY, UTAH,<br><br>                          Defendant. | ORDER and MEMORANDUM DECISION<br><br><br>Case No. 1:05-cv-140 CW DN |

Now before the court is a Report and Recommendation prepared by Magistrate David Nuffer recommending that summary judgment be granted in favor of Defendant Davis County, Utah on all claims. (Dkt. No. 41.) Plaintiff Ray Lynn Gray has objected to that R & R. (Dkt. No. 42.)[1]

Davis County moved for summary judgment on November 24, 2009. On December 16, 2009, Judge Waddoups referred that motion to Judge Nuffer pursuant to 28 U.S.C. 636(b)(1)(B). On February 12, 2010, Judge Nuffer notified Mr. Gray that he was taking the motion under advisement and informed the parties that he would rule on the docket as it stood on February 24, 2010. In bold, large-type letters, Judge Nuffer warned Mr. Gray by way of docket text order that "Failure to respond to the motion will result in the end of this case, and the termination of Plaintiff's claims." (Dkt. No. 40.) On March 16, 2010, Judge Nuffer issued the R & R. Mr. Gray had not responded to the motion or otherwise communicated with the court by that date.

---

[1] Because the court has determined that oral argument will not assist in the resolution of this matter, it has determined that a hearing is not needed. *See* DUCivR 7-1(f).

In the R & R, Judge Nuffer made detailed factual findings and undertook a careful legal analysis with respect to each of Mr. Gray's claims. First, the R & R found that Mr. Davis had dropped each of his claims except those for 1) an equal protection violation, 2) a due process violation, 3) a violation of 42 U.S.C. § 1983, 4) a violation Family Medical Leave Act, and 5) wrongful termination. The R & R considered each of these claims and concluded that Mr. Gray had not presented evidence sufficient to support them. Accordingly, the R & R recommended that Davis County's motion for summary judgment be granted. In the alternative, the R & R recommended that it would be appropriate to grant judgment against Mr. Gray because he had failed to respond in a timely fashion to Davis County's motion.

Mr. Gray, who is proceeding *pro se*, filed his objection to the R & R on March 19, 2010. In this response, Mr. Gray does not deny that he waived all but five of his claims. In support of his remaining claims, he makes factual assertions without making any reference to the record and makes legal arguments without relying on any legal authorities. Davis County has responded to Mr. Gray's objection.

Initially, on a procedural level, the court agrees with the R & R that Mr. Gray's failure to respond to the summary judgment in the time allowed by the rules is sufficient grounds to grant the motion. While the court understands that Mr. Gray lacks legal training, he is still obliged to follow the rules of civil procedure. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010). Mr. Gray asserts that he was relying on counsel for Davis County to inform him of his obligations to respond. Even if he did rely in that manner, however, he was still not excused from having to follow the rules. Further, to the extent that Mr. Gray's reliance on his opponent may have been justified during some time period, it was certainly not warranted after Judge

Nuffer's clear and plain warning about not responding and unmistakable deadline to do so.

On a substantive level, Mr. Gray has waived all of the issues he raises in his objection because he did not bring them before Judge Nuffer. *See id.* ("Issues raised fo the first time in objections to the magistrate judge's recommendation are deemed waived.") (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)). This failure is sufficient grounds upon which to affirm the R & R.

To be thorough, however, the court has conducted a *de novo* review of the summary judgment motion. In this review, the court has found no errors in the R & R's factual findings or legal conclusions. Moreover, Mr. Gray's objections are without merit, a conclusion the court reaches even after interpreting his pleadings "generously." *Belhomme v. Widnall*, 127 F.3d 1214, 1216 (10th Cir. 1997) (citation omitted) (*pro se* party's pleadings to be read generously at summary judgment). First, Mr. Gray's failure to cite to any admissible facts is fatal to his case. *See* Fed.R.Civ.P. 56(e)(2) (party opposing "properly made and supported" summary judgment motion must "set out specific facts showing a genuine issue for trial"). That Mr. Gray is *pro se* does not excuse him from pointing to admissible evidence competent to support his case. *See Abdulhaseeb*, 600 F.3d at 1310. Moreover, to the extent that Mr. Gray raised any potentially meritorious issues in his objections, Davis County's response to his objections are a convincing rebuttal of them.

In conclusion, the R & R is approved and adopted in its entirety. Davis County's motion is therefore GRANTED in its favor with respect to all of Mr. Gray's claims.

Dated this 2nd day of June, 2010.

By _____
Clark Waddoups
United States District Judge